UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**,

   Plaintiff,

v.

**RASHAUD ROOSEVELT CULBERSON**,

   Defendant.

_____/

Hon. Elizabeth A. Stafford

Case No. 21-30567

## United States' Brief in Support of Detention

Rashaud Culberson is a convicted felon who was arrested for carrying a loaded handgun in July. In October, Mr. Culberson was charged in Wayne County Circuit Court with shooting a man three times while in the course of selling marijuana. The six criminal counts include assault with intent to murder. Culberson has a lengthy criminal record, has violated probation and parole, and his recent history shows a link to a Detroit street gang, alleged involvement with marijuana dealing and sex-trafficking, and now alleged gun violence. Culberson's willingness to allegedly acquire a new firearm after his July arrest, and then allegedly shoot someone, shows that he is a danger to the community and there are no conditions that can be imposed to mitigate these risks. This Court

1

should follow the pretrial services recommendation and detain Culberson pending trial.

**I.     Facts**

The government relies on several items for its proffer. The Detroit Police Department reports from the July 9, 2021, and September 26, 2021, incidents, MDOC PSRs, and LEIN criminal history. From these sources, the government describes the following facts.

**A.     Culberson is arrested in July for carrying a concealed handgun without a concealed pistol license**

On July 9, 2021, at approximately 7:36 p.m., City of Detroit police officers on patrol observed a group of men standing in the street on Bringard Drive appearing to be filming a music video. The officers watched Culberson walk away from the group and quickly walk to the rear of a green Chevrolet Suburban. The officers continued to watch as Culberson reached into his front right waistband area, removed a handgun from his waistband area, and then discarded the handgun on to the ground slightly under the rear end of the Suburban.

The officers then took Culberson into custody and recovered a black .40 caliber Glock 22 handgun that Culberson had discarded. The gun was loaded with eight live rounds in the extended magazine. Culberson did

2

not answer when he was asked if he possessed a concealed pistol license (CPL). Culberson did state that the video was being filmed for the eastside Detroit street gang Smokecamp a/k/a Original Paid Bosses (or OPB). Culberson was arrested on suspicion of carrying a concealed handgun without a CPL.

### B. Culberson allegedly hires a new handgun and is charged with attempted murder after allegedly shooting a man in a drug deal gone bad

On September 26, 2021, police were dispatched to St. John Hospital to speak with a gunshot victim (Victim 1). Victim 1 reported that he was at the Jay-Z Motel at 14700 8 Mile buying marijuana from Culberson. According to Victim 1, when Victim 1 declined Culberson's offer to pay for sex with a woman also at the hotel, Culberson became irate, retrieved a handgun from a hotel room, and shot at Victim 1. When Victim 1 attempted to grab the handgun and fight Culberson, Culberson shot Victim 1 in the hand, right thigh, and left thigh. Culberson then fled the scene in a dark-colored Chevrolet Yukon.

After an extensive investigation by Detroit Police, including an examination of the shooting scene by a forensic team, the gathering of security video from the shooting scene, and witness statements from

Victim 1 and others, Culberson was arrested on October 13, 2021, and charged with six criminal counts in Wayne County Circuit Court, including assault with intent to murder, assault with intent to do great bodily harm less than murder, carrying a dangerous weapon with unlawful intent, felon in possession of a firearm, and two counts of felony firearm.

When arrested, Culberson was found to possess a large bag of suspected narcotics in his left pant leg, including:

- 6 x Oxycodone-Hydrochloride 30mg, pills
- 6 x Acatominophen (325mg) - Hydrocodone (5mg) pills
- 2 x Tylenol (325mg) - Hydrocodone (10mg) pills
- 14 x baggies containing a clear crystal substance
- 39 x capsules containing a brown powdery substance
- 1 x green pill shaped and stamped like a grenade

### C. Charges

In this case, Culberson was named in a sealed criminal complaint, docket number 20-mj-30567, on December 1, 2021. Culberson was charged with being a Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1), occurring on July 9, 2021.

## II. Argument

Under the Bail Reform Act, a defendant must be detained pending trial if "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). The Act requires detention whenever the defendant is either a risk of nonappearance or a danger to the community. *See id*.; *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985). A finding of dangerousness "must be 'supported by clear and convincing evidence.'" *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) (quoting 18 U.S.C. § 3142(f)(2)). But the government need only demonstrate the risk of nonappearance by a preponderance of the evidence. *Hazime*, 762 F.2d at 37.

### A. The 18 U.S.C. § 3142(g) factors favor detention

The "factors to be considered in determining whether to release a defendant pending trial are set forth in 18 U.S.C. § 3142(g) and include the nature and circumstances of the offense charged, the weight of the evidence against the person, the history and characteristics of the person,

and the nature and seriousness of the danger posed by the person's release." *United States v. Hoskins*, 181 F.3d 105 (6th Cir. 1999).

### 1. Nature and circumstances—18 U.S.C. § 3142(g)(1)

The first factor the Court must consider is the nature and circumstances of the offense charged against Culberson. The nature and circumstances of the charged offense here is serious. Congress has specified that an offense which involves a firearm, as is the case here, is a categorically serious offense. 18 U.S.C. § 3142(g)(1). The Sixth Circuit has also recognized that a felon in possession of a firearm charge is a serious offense. *United States v. Carnes*, 309 F.3d 950, 957 (6th Cir. 2002). The seriousness of the charged offense is also elevated by the fact that after being arrested and charged with a firearms crime in July, Culberson was arrested again on October 13, 2021, in connection with a violent and dangerous incident. Culberson is accused of shooting a man in the hand, right thigh, and left thigh, and faces six criminal counts in in Wayne County Circuit Court, including assault with intent to murder, assault with intent to do great bodily harm less than murder, carrying a dangerous weapon with unlawful intent, and three felony firearms

6

counts. Finally, the specific circumstances if this offense involve a loaded firearm. This factor strongly favors Culberson's detention.

Culberson's offense here also carries a stiff penalty, up to ten years in federal prison, up to three years of supervised release, and fines. These penalties reflect the serious nature of these crimes. *See, e.g., Baldwin v. N.Y.*, 399 U.S. 66, 68 (1970) ("In deciding whether an offense is 'petty,' we have sought objective criteria reflecting the seriousness with which society regards the offense . . . and we have found the most relevant such criteria in the severity of the maximum authorized penalty.").

### 2. Weight of the evidence—18 U.S.C. § 3142(g)(2)

The weight of the evidence "goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt." *Stone*, 608 F.3d at 948. *See also Hazime*, 762 F.2d at 37 (the weight of evidence against the person "deals with the factors to be considered in determining whether there are conditions which will assure the appearance of the accused and safety of the community"). Here, the weight of the evidence of defendant' dangerousness is strong.

Culberson's criminal history shows a repeated pattern of escalating dangerous behavior. He was convicted of home invasion while carrying a conceal weapon in 2003. He was convicted of receiving and concealing stolen property in 2007, was sentenced to probation, then served 365 days in jail for violating probation. After being paroled, he was charged with being a felon in possession of a firearm in 2008 and was returned to prison for violating terms of his parole (Culberson was acquitted of the 2008 Felon in Possession charge). During his time in prison, Culberson accumulated 36 major misconducts and was convicted of two additional felonies when he punched and struck two corrections officers who were attempting to break up a fight. Culberson said afterward that he blacked out and did not realize "how far I took the incident." (See MDOC PSR).

Culberson's alleged actions in the September, 2021, incident show that he acquired a new firearm after the July, 2021, arrest at issue in this case, and then allegedly shot a man three times in a drug deal gone bad. As a convicted felon, Culberson is prohibited by law from possessing a firearm. Culberson was charged and released for the July offense here, and again prohibited from possessing a firearm. Culberson has now repeatedly refused to abide by these statutory and court-imposed

restrictions. Firearms are inherently dangerous and the second factor therefore weighs in favor of Culberson's detention.

### 3. History and characteristics—18 U.S.C. § 3142(g)(3)

The pretrial services report documents that Culberson is 34, has a significant criminal history, has few financial resources, has a history of mental health issues, and uses marijuana daily.

Culberson's full criminal history is set out in the Probation Report. As shown below, defendant has multiple convictions. Culberson has also violated probation or parole multiple times and committed a violent assault on a corrections officer while imprisoned.

| Arrest date | Crime of conviction (other charge) | Sentence | Violated supervision | Supervised during new crime |
|---|---|---|---|---|
| 11/18/2002 | Poss of Non-Narcotic, Del/Mfg Marijuana | Placed in state custody as a minor | No | No |
| 3/13/2003 | R&C Stolen Property greater than $100 | Placed in state custody as a minor | No | No |
| 8/1/2005 | Home Invasion, 2nd Degree, Carrying | 2 years' probation, violated probation, | Yes | No |

9

| Arrest date | Crime of conviction (other charge) | Sentence | Violated supervision | Supervised during new crime |
|---|---|---|---|---|
| | Concealed Weapon | sentenced to 365 days jail | | |
| 11/21/2007 | R&C Stolen Prop. – Motor Vehicle; R&C Stolen Property, $200-$1,000 | 8m to 5 yrs prison, 133d credit jail | Yes | Yes |
| 7/26/2009 | Assault of Prison Employee, Habitual 3rd (2 counts) | 2 yrs to 8 yrs prison | No | No |

Rather than abating as he ages, Culberson's criminal history is escalating. After being imprisoned from roughly 2008 to 2019, Culberson has been involved in two new alleged gun crimes, this felon in possession charge, and the September shooting. Both incidents obviously involve firearms.

Culberson's history of violating probation, committing violent assault while imprisoned, and being charged with a violent attack in October after being arrested in July for the instant offense raises great concern that his future conduct will not abide by directives from Pretrial

10

Services should he be released pending trial. This factor favors detention. *See United States v. Ramsey*, 110 F.3d 65, 1997 WL 135443, at *1 (6th Cir. March 24, 1997) (affirming detention where defendant "has committed criminal acts while on release from other charges.").

### 4. Danger to community or anyone—18 U.S.C. § 3142(g)(4)

Culberson is a danger to the community, to others, and to his own safety, due to his continued possession of firearms. Again, defendant's possession of a different firearms on different occasions within months of each other in 2021 presents a danger to the community.

The Sixth Circuit has upheld the pretrial detention of defendants on dangerousness grounds based in part on weapons found in the defendant's homes. *See United States v. Abboud*, 42 Fed. App'x 784 (6th Cir. 2002) (emphasizing that "[a] search of the defendant's home and business revealed guns, one of which was loaded," when affirming the district court's pretrial detention order); *United States v. Ramsey*, 110 F.3d 65, 1997 WL 135443, at *1 (6th Cir. March 24, 1997) (holding that the district court did not err in ordering the defendant's detention pending trial in part because defendant "has had access to firearms[.]"). If simply finding a weapon in a person's home is partial grounds for

11

detention, a felon using a firearm in commission of an alleged subsequent crime is a greater factor and a plain danger to the community.

### C. Potential alternatives to custody

Culberson is currently wearing a tether in relation to state court charges stemming from the September shooting, "but a tether offers little assurance of an appearance or an intent to forego activities that pose a danger to the community." *United States v. Tawfik*, No. 17-20183-2, 2017 WL 1457494, at *8 (E.D. Mich. Apr. 25, 2017); *see also United States v. Edwards*, No. 07-20605, 2010 WL 157516, at *5 (E.D. Mich. Jan. 13, 2010) (agreeing that tether "would be entirely insufficient to either insure Edward's appearance or protect the community from the danger posed by Defendant"); *United States v. Cureton*, No. 12-20287, 2013 WL 4496276, at *2 (E.D. Mich. Aug. 21, 2013) (holding that where a defendant is part of a violent organization, a GPS tether "would not alleviate the danger that Defendant poses to the community").

Moreover, any third-party custodian would not lessen defendant's dangerousness. *See, e.g., United States v. Wood*, No. 19-20216, 2020 WL 4791205, at *3 (E.D. Mich. Aug. 17, 2020) ("While [defendant's] third-

12

party custodian may be well intentioned, the Court does not have confidence that [defendant] is.").

## III. Conclusion

This Court should detain Culberson. Culberson was released from prison in 2019. His history in the last year shows a link to a Detroit street gang, alleged involvement with marijuana dealing and sex-trafficking, and now alleged gun violence.

Culberson possessed a loaded firearm after his July arrest for possession of a loaded firearm. With that loaded firearm, he shot the man purchasing drugs from him multiple times. This repeated violent and dangerous behavior unquestionably demonstrates that he is a danger to the community and there are no conditions that can be imposed to mitigate these risks.

Respectfully submitted,

**SAIMA S. MOHSIN**
Acting United States Attorney

By: */s/ James J. Carty*
**JAMES J. CARTY (P74978)**
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
Office: (313) 226-9705
Date: December 17, 2021          Email: james.carty@usdoj.gov

## Certificate of Service

I hereby certify that on December 17, 2021, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record.